UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHARON NICHOLS a/k/a SHARON COOPER and
TYRONE NICHOLS,

                   Plaintiffs,

v.

JILL RANDY EPSTEIN, ALIA RAZZAQ,
ROBERT N MIZRAHI, and JANICE BOGUES,

                   Defendants.

**MEMORANDUM AND ORDER**
22-CV-3187 (LDH) (CLP)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Sharon Nichols a/k/a Sharon Cooper and Tyrone Nichols ("Plaintiffs"), proceeding pro se, bring this action against Judge Jill Randy Epstein, Alia Razzaq, Robert N. Mizrahi and Janice Bogues (collectively, "Defendants") alleging violations of Articles I, IV, V and XI of the United States Constitution, 10 U.S.C. § 73-10 and 12 U.S.C. § 411. (Compl., ECF No. 1.) Plaintiffs paid the filing fee. The Court dismissed Plaintiffs' request for a preliminary injunction by memorandum and order dated June 27, 2022. The Court dismissed Plaintiffs' second request for a preliminary injunction by memorandum and order dated July 1, 2022. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

    The complaint is largely incomprehensible as it contains numerous general references to various legal terms and principles, such as "probate proceeding", "holographic wills," "waiver of immunity" and "foreign judgments," rather than asserting specific claims for relief. (*See generally* Compl.) The only factual allegations stated in the complaint concern first Plaintiffs' receipt of a "Notice of Holdover Petition" in a landlord-tenant matter in which Plaintiffs' landlord appears to have tried to evict Plaintiffs from their home. (*Id.* at 6–7.) The complaint

additionally contains a reference to an "oral month to month rental agreement to pay the taxes, water amenities electricity, cable, internet, in exchange for residing at the subject premises." (*Id.* at 7.) Plaintiffs seek to be exempt "from all 'state and federal taxes,' as well as all state and federal citizenship obligations including all mortgages and all Territorial and Municipal Codes and Statutes." (*Id.* at 10.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted.)

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still,

"even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

## DISCUSSION

Liberally construed, the complaint, at most, pleads a claim related to landlord-tenant issues, specifically an eviction. However, federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

It is long settled that federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters. *See Southerland v. New York City Housing Authority*, No. 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing plaintiff's claims related to an eviction, in part, because "[l]andlord-tenant matters arise under state law and not under federal law"); *see also Galland v. Margules*, No. 05 Civ. 5639, 2005 WL

3

1981568, at *1–2 (S.D.N.Y. 2005) (dismissing plaintiff's case, in part, because "federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters", even where "such claims are dressed in the garb of constitutional claims"). Moreover, Plaintiffs fail to allege diversity for purposes of subject matter jurisdiction. Accordingly, Plaintiffs' complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiffs' claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

Although Plaintiffs paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case and mail a copy of this order to Plaintiffs.

SO ORDERED.

Dated: Brooklyn, New York
March 1, 2023

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

4